### TEXAS EMPLOYERS' INS. ASS'N v. CRAIG. (No. 1391.)

(Court of Civil Appeals of Texas. Beaumont. May 4, 1926. Rehearing Denied May 12, 1926.)

Master and servant ☜418(5)—Refusal to submit issue whether claimant had suffered partial incapacity in first phalange of finger held not error, where jury found total loss of use of finger (Employers' Liability Act [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.]).

Refusal to submit special issue as to whether claimant, under Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), who had lost third and second phalanges of finger, had suffered permanent partial incapacity in the first phalange of the finger, held not error, where jury found that the claimant had sustained permanent total loss of use of his finger.

Appeal from Jefferson County Court; C. N. Ellis, Judge.

Action by Richard K. Craig against the Texas Employers' Insurance Association to set aside an award for plaintiff by the Industrial Accident Board in a proceeding under the Employers' Liability Act. Judgment for plaintiff, and defendant appeals. Affirmed.

Orgain & Carroll, of Beaumont, for appellant.

C. A. Lord, of Beaumont, for appellee.

HIGHTOWER, C. J. On January 30, 1923, the appellee, Craig, who was an employé of the Lamb Printing & Stationery Company in the city of Beaumont, Jefferson county, sustained an injury to the first or index finger of his right hand while operating, in the discharge of his duties and course of employment, a paper cutting machine. The Lamb Printing & Stationery Company was a subscriber under the Employers' Liability Act of this state (Vernon's Ann. Civ. St. Supp. 1918,

art. 5246—1 et seq.), and carried insurance with appellant, Texas Employers' Insurance Association, covering its employés, including the appellee.

Appellee was paid compensation for a certain period by appellant, and, upon its refusal to continue such payments, appellee filed his claim with the Industrial Accident Board of this state, contending that the injury sustained by him had resulted in the permanent total loss of the use of his finger, and the board made an award in his favor accordingly. After due notice that it was dissatisfied with the board's award, and that it would not abide thereby, appellant filed this suit in the county court of Jefferson county at law to set aside the award, and appellee answered and filed the usual cross-action.

The case was tried with a jury and was submitted upon the following special issues:

"First Special Issue.—Do you find that Richard K. Craig has lost the use of the entire index finger in question? Answer Yes or No, as you may find the facts to be.

"In connection with the first special issue you are instructed that by 'loss of use' is meant whether the finger is so affected, permanently, as to substantially and materially impair the use thereof in the practical performance of its functions in the pursuit of a laboring man. If the finger is so affected, there is a loss of use; if the finger is not so affected, then there is no such loss of use.

"If you shall answer the first special issue in the affirmative, you need not answer other special issues; but, if you should answer the first special issue in the negative, then you will answer the following special issue:

"Second Special Issue.—Do you find that Richard K. Craig sustained the loss of the middle or second phalange of the finger in question? Answer Yes or No, as you may find the facts to be.

"If you shall answer the second special issue in the affirmative, you need not answer the third special issue; but, if you should answer the second special issue in the negative, then you will answer the following special issue:

"Third Special Issue.—Do you find that Richard K. Craig has lost the use of the middle or second phalange of the finger in question? Answer Yes or No, as you may find the facts to be.

"You are instructed that the burden of proof rests upon Richard K. Craig, the claimant of compensation, to establish his right to recover compensation in this cause."

Counsel for appellant, in due time, filed objections to the first issue submitted for the jury's consideration on several grounds, none of which are tenable, as we view the evidence introduced upon the trial, and the propositions advanced by counsel for appellant in that connection are overruled.

Upon the trial below, counsel for appellant requested the court to submit to the jury its special issue No. 2, which was as follows:

"Has Richard Craig suffered a permanent partial incapacity in the first phalange of the

first finger?  Answer Yes or No, as you find the facts to be."

The court refused the submission of this issue, and its action in doing so is properly assigned as error by appellant in this court. Counsel for appellant contend, in this connection, that, since the proof introduced upon the trial below showed without dispute that the third and second phalanges of appellee's finger were completely severed by the injury, but that the first phalange or joint was not severed, the, only proper issue for submission to the jury was embraced in its requested special issue No. 2, as just quoted, and that appellant was entitled to have that issue submitted to the jury affirmatively as the only proper issue in the case.  In answer to this contention, we have concluded that the evidence adduced upon the trial was such as to warrant the submission of the first special issue, in answer to which the jury found that the injury had resulted in the permanent total loss of the use of appellee's finger.  If the injury did result in permanent total loss of the use of appellee's finger, there could have been no such thing as only a partial loss of any portion of appellee's finger, and it stands to reason that the jury's answer to special issue No. 2 requested by appellant could not have been in its favor.  We have concluded that there was no error in the refusal by the court of special issue No. 2 requested by appellant.

Counsel for appellant further contend in this court that the evidence adduced upon the trial below was wholly insufficient to warrant the answer of the jury to the first issue, to the effect that the injury to appellee's finger had resulted in the permanent total loss of the use of that finger.  We have gone through the record very carefully on this question, and have reached the conclusion that the evidence was such as to make it a question of fact for the jury's determination as to whether this injury had resulted in the permanent total loss of the use of appellee's finger, and therefore we must overrule appellant's contention in this connection.

This, in effect, disposes of all contentions made by appellant, and it follows that we are of the opinion that they should all be overruled, and the judgment of the trial court affirmed, and it has been so ordered.